# UNITED STATES DISTRICT COURT
# CT OF COLORADO

Civil Action No.: 1:15-cv-1224

Charles Glick,

    Plaintiff,

V.

Virtuoso Sourcing Group, LLC,

    Defendant.

## COMPLAINT

For this Complaint, Plaintiff, Charles Glick, by undersigned counsel, states as follows:

### JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. (the "TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

### PARTIES

3. Plaintiff, Charles Glick ("Plaintiff"), is an adult individual residing in New Market, Virginia, and a "person" as the term is defined by 47 U.S.C. § 153(39).

4. Defendant Virtuoso Sourcing Group, LLC ("Virtuoso"), is a Colorado business entity with an address of 4500 Cherry Creek Drive South, Suite 300, Glendale, Colorado 80246, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

## FACTS

5.     Within the last year, Virtuoso contacted Plaintiff in an attempt to collect a consumer debt allegedly owed by Plaintiff.

6.     At all times mentioned herein, Virtuoso called Plaintiff's cellular telephone, number 540-xxx-6361, using an automatic telephone dialing system ("ATDS").

7.     When Plaintiff answered calls from Virtuoso, he heard silence before being connected to the next available representative.

8.     During a live conversation in or around September 2014, Plaintiff instructed Virtuoso to cease calling his cellular telephone number.

9.     Nevertheless, Virtuoso continued to place automated calls to Plaintiff's cellular telephone.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –
## 47 U.S.C. § 227, *et seq.*

10.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

11.    At all times mentioned herein, Defendant called Plaintiff on his cellular telephone using an ATDS.

12.    In expanding on the prohibitions of the TCPA, the Federal Communications Commission ("FCC") defines a predictive dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"2003 TCPA Order, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or

a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id.*

13. Defendant's telephone system(s) have some earmarks of a predictive dialer.

14. When Plaintiff answered the phone, he heard silence before Defendant's telephone system would connect him to the next available representative.

15. Defendant's predictive dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

16. Defendant continued calling Plaintiff by means of automatic telephone calls to his cellular phone knowing that it lacked consent to call his number. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

17. The telephone number called by Defendant was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

18. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

19. Plaintiff is entitled to an award of $500.00 in statutory damages for each call made in negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

20. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment be awarded in his favor and against Defendant as follows:

1. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and

3. Granting Plaintiff such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: June 11, 2015

Respectfully submitted,

By  */s/ Jenny DeFrancisco*

Jenny DeFrancisco, Esq.
CT Bar No.: 432383
LEMBERG LAW LLC
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
E-mail: jdefrancisco@lemberglaw.co
*Attorneys for Plaintiff*

Plaintiff:
Charles Glick
9091 North Congress St apt 74
New Market, VA 22844